IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD BEALL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0733-D |
| | § | |
| DALLAS POLICE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Richard Beall, a former inmate in the TDCJ-ID,[1] against the Dallas Police Department and two patrol officers. On April 21, 2006, plaintiff filed a one-page handwritten complaint alleging only that "I was falsely arrested and beaten by police." (Plf. Compl. at 1). Plaintiff also filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on June 12, 2006. The court now determines that plaintiff should be allowed to prosecute his excessive force

---

[1] Plaintiff was released from custody before this suit was filed.

claim against Officers Leroy Pena and Jeff Beezley. His claims against the Dallas Police Department should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Shortly before midnight on April 24, 2004, plaintiff was asleep in his car when he was approached by two Dallas police officers, Leroy Pena and Jeff Beezley, who wanted to question him about an assault. When plaintiff exited his vehicle, he alleges that the officers threw him to the ground, handcuffed his writs, and beat him for about 45 minutes with their feet, hands, and batons while shooting him with a tazer gun and spraying him with mace. As a result of this incident, plaintiff suffered numerous injuries, including a separated shoulder, a broken finger, and bruises to his arms, shoulder, legs, and elbows. Plaintiff was subsequently arrested for attempting to take an officer's weapon. That case is currently pending in Dallas County criminal district court. By this suit, plaintiff seeks unspecified money damages and an order "fixing my record with the State of Texas."

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas Police Department. Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g. Johnson v. Dallas City Police Dep't*, No. 3-04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (Dallas police department not a proper defendant with jural existence); *Bridges v. Rossi*, No. 3-96-CV-0488-X, 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (same). Because plaintiff fails to allege or otherwise demonstrate that the Dallas Police Department is a separate legal entity having jural authority, his claims against this defendant must be dismissed.

C.

Nor can plaintiff sue for false arrest. A party may not maintain a civil rights action based on the legality of a prior or pending criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed

or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). A false arrest claim implicates a criminal prosecution where the conviction is based on evidence discovered during the arrest. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

Although his complaint and interrogatory answers are short on facts, it appears that the gravamen of plaintiff's false arrest claim is that he was taken into custody without being questioned, without having his rights read to him, and without being told of the charges against him. (*See* Interrog. #1). These allegations plainly imply the invalidity of plaintiff's pending criminal prosecution. If plaintiff was arrested in violation of his constitutional rights, any evidence obtained as a result of that illegal arrest likely cannot be used against him at trial. The proper forum for raising such a constitutional challenge in the first instance is the state court where the criminal case is pending. Unless and until the charges against plaintiff are dismissed or his conviction is overturned on direct appeal or collateral review, plaintiff cannot maintain a civil rights action under 42 U.S.C. § 1983.

D.

The court reaches a different conclusion with respect to plaintiff's excessive force claim against Officers Pena and Beezley. In order to survive summary dismissal, plaintiff must allege facts which, if proved, establish that: (1) he suffered a significant injury; (2) resulting directly and only from the use of force that was clearly excessive to the need for force; and (3) the force used was objectively unreasonable. *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). The court must view the totality of circumstances from the standpoint of a reasonable police officer on the scene, paying particular attention to "whether the suspect pose[d] an immediate threat to the safety of the officers or others." *Stroik v. Ponseti*, 35 F.3d 155, 157-58 (5th Cir. 1994), *cert. denied*,

115 S.Ct. 1692 (1995), *citing Graham v. Conner*, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).

Plaintiff alleges that Officers Pena and Beezley threw him to the ground, handcuffed his writs, and beat him for about 45 minutes with their feet, hands, and batons while shooting him with a tazer gun and spraying him with mace. As a result of this incident, plaintiff suffered a separated shoulder, a broken finger, and bruises to his arms, shoulder, legs, and elbows. Without suggesting a view of the merits of plaintiff's claim in another procedural context, such as a motion for summary judgment, the court determines that he has sufficiently stated an excessive force claim against these officers at this stage of the litigation.

## RECOMMENDATION

Plaintiff should be allowed to prosecute his excessive force claim against Dallas Police Officers Leroy Pena and Jeff Beezley. All other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 19, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE