IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD BEALL,<br>　　　　Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO. |
| vs. | §<br>§ | 3:06-CV-0733-D |
| OFFICER LEROY PENA and<br>OFFICER JEFF BEEZLEY,<br>　　　　Defendants. | §<br>§<br>§ | ECF |

**DEFENDANT JEFF BEEZLEY'S ANSWER TO PLAINTIFF'S
COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

TO THE HONORABLE COURT:

Defendant Officer Jeff Beezley ("Defendant") files his Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand in response to Plaintiff's Complaint[1] ("Complaint"):

**I.   ANSWER**

1.1   Defendant denies the allegations in the first unnumbered paragraph of the Complaint. Defendant further denies that that Plaintiff has stated a claim upon which relief can be granted as to alleged false arrest. Moreover, while denying that he used any excessive force against Plaintiff, Defendant pleads that he is entitled to the defense of qualified immunity with respect to Plaintiff's excessive force allegations.

1.2   Defendant denies the allegations contained in response to Question No. 1 of the Magistrate Judge's Questionnaire to the Plaintiff ("Questionnaire") (doc. 7). Defendant pleads further that those allegations fail to state a claim upon which relief can be granted.

1.3   Defendant denies the allegations contained in response to Question No. 2 of the Questionnaire, except that Defendant admits that Plaintiff attempted to take an officer's weapon,

---

[1] Defendant also responds to the factual allegations contained in Plaintiff's responses to the Magistrate Judge's Questionnaire to Plaintiff.

and that Plaintiff was convicted of criminal charges related that offense.

1.4     With respect to the allegations contained in Plaintiff's response to Question No. 3 of the Questionnaire, Defendant: admits the allegations in subpart "a"; denies as stated the allegations in subpart "b" but admits that the offense charged was aggravated assault – police officer; admits the allegations in response to subpart "c"; is without information sufficient to either admit or deny the factual allegations in subpart "d"; denies as stated the allegations in sub-part "e", but admits that Plaintiff was sentenced to two (2) years in the penitentiary in Case # F94-52777-P; admits that allegations in subpart "f"; and is without information sufficient to either admit or deny the factual allegations in subpart "g".

1.5     Defendant denies as stated the allegations contained in response to Question No. 4 of the Questionnaire, but admits that Plaintiff was sentenced to ten (10) years probation on or about 16 July 2004 in Case # F94-52777-P for the offense of aggravated assault – police officer.

1.6     Defendant denies as stated the allegations contained in response to Question No. 5 of the Questionnaire, but admits that Plaintiff was sentenced to ten (10) years probation on or about 16 July 2004 in Case # F94-52777-P for the offense of aggravated assault – police officer.

1.7     Defendant generally denies the allegations contained in response to Question No. 6 of the Questionnaire.  However, Defendant admits that he officer Leroy Pena had an encounter with Plaintiff in which Plaintiff attempted to take the officers' weapons, that a struggle ensued, Plaintiff was injured in the course of that struggle, and Plaintiff was subsequently convicted of criminal offenses arising from his unlawful acts of aggravated assault on the officers, resulting in a two (2) year sentence in Case No. F94-05778-P.

1.8     Defendant is without information sufficient to either admit or deny the factual allegations contained in response to Question No. 7 of the Questionnaire.

1.9    The factual allegations contained in response to Question No. 8 of the Questionnaire do not require an answer.  However, to the extent that an answer is nonetheless required, Defendant denies that Plaintiff is entitled to recover damages for any of the alleged harms recited in his Questionnaire response.

1.10    Defendant generally denies the allegations contained in response to Question No. 9 of the Questionnaire.  However, Defendant admits that he officer Leroy Pena had an encounter with Plaintiff in which Plaintiff attempted to take the officers' weapons, that a struggle ensued, Plaintiff was injured in the course of that struggle.

1.11    Defendant is without information sufficient to either admit or deny the factual allegations contained in response to Question No. 10 of the Questionnaire.

1.12    The factual allegations contained in response to Question No. 11 of the Questionnaire do not pertain to Defendant, and no answer is required.  However, to the extent that an answer is nonetheless required, Defendant denies the material factual allegations stated.

II.

**AFFIRMATIVE DEFENSES**

2.1    Defendant affirmatively pleads that Plaintiffs' claims are barred by the applicable statute of limitations.  The acts of which Plaintiff complains occurred in April 2004.  Plaintiff did not bring this civil action until April, 2006.  The applicable statute of limitations under Texas law for suits involving personal injury is two (2) years.  Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

2.2    Defendant affirmatively pleads that Plaintiff has failed to state a claim upon which relief can be granted with respect to his claims for unlawful arrest and detention, as well as for excessive force.

2.3     Defendant affirmatively pleads that reasonable suspicion existed that Plaintiff had committed a criminal offense, justifying his detention, and that probable cause existed to arrest Plaintiff, justifying his arrest.

2.4     Defendant affirmatively pleads that the detention and arrest of Plaintiff was conducted lawfully, was objectively reasonable, and did not violate clearly established law of which a reasonable person would have known.

2.5     Defendant affirmatively pleads that, on the occasion in question, Plaintiff's alleged injuries did not result directly and only from the use of force that was clearly excessive to the need to use force, and that the use of force was objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

2.6     Defendant affirmatively pleads that he is a public or government official, to wit, a police officer, employed at the time of the incident in question by the City of Dallas; is entitled to qualified and official immunity from suit and from damages in the present cause; and that on the occasion in question, he acted without malice; without an intent to deprive Plaintiff of any legally protected rights; with a reasonable good faith belief that his actions were lawful, proper, and within and pursuant to the scope of his discretionary authority as a police officer; and that he did not violate clearly established law of which a reasonable person would have known.

2.7     Defendant affirmatively pleads that Plaintiff's own actions and/or negligence, and the actions and negligence of his companions, were the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

### III.

### JURY DEMAND

3.1     Defendant demands trial by jury as to all issues so triable.

WHEREFORE, Defendant Officer Jeff Beezley prays that Plaintiff take nothing by this suit, that all relief requested by Plaintiff be denied, that he recover all costs of suit and attorney's fees, and for such other and further relief, general or special, at law or in equity, to which he is entitled.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS

By: *s/ Jason G. Schuette*
   Assistant City Attorney
   State Bar No. 17827020
   jason.schuette@dallascityhall.com

*s/ Tatia R. Randolph*
Assistant City Attorney
State Bar No. 00795793
tatia.randolph@dallascityhall.com

Dallas City Hall
1500 Marilla Street, 7CN
Dallas, Texas 75201
Telephone:   214.670.3519
Facsimile:    214.670.0622

ATTORNEYS FOR DEFENDANT
OFFICER JEFF BEEZLEY

## CERTIFICATE OF SERVICE

I certify that on 18 September 2006 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Richard Beall
2407 Mallory Lane
Lancaster, Texas 75134

*s/ Jason G. Schuette*
Assistant City Attorney