IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| RICHARD BEALL, | § | |
|---|---|---|
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | No. 3-06-CV-0733-D |
| | § | |
| DALLAS POLICE, ET AL., | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF RICHARD BEALL'S MOTION FOR NEW TRIAL
AND BRIEF IN SUPPORT**

Plaintiff Richard Beall ("Beall") files this Motion for New Trial requesting that this Court grant him a new trial as authorized by Federal Rule of Civil Procedure 59.

## I.   INTRODUCTION

Plaintiff Richard Beall ("Beall") filed a lawsuit *pro se* in the Northern District of Texas, Dallas Division, on April 21, 2006 against the Dallas Police Department and two individual Dallas police officers, Officers Pena ("Pena") and Beezley ("Beezley"), collectively "Defendants."[1]  After petitioning for and receiving court appointed counsel, Beall filed an amended complaint. In his Amended Complaint, Beall alleged that Defendants used excessive force against

---

[1] Although he originally filed suit against the Dallas Police Department, through the course of this litigation Beall has proceeded in his claims against only Officer Pena and Officer Beezley.

him and falsely arrested him on the evening of April 4, 2004. Beall further claimed that Defendants' actions caused him mental, physical, and emotional pain and anguish as well as the loss of his reputation and ultimately his career. Defendants answered, denying Beall's allegations and claiming qualified immunity for their actions.

After a trial on the merits, this Court submitted Beall's matter to the jury. Contrary to the great weight of the evidence, the jury sitting in Beall's case returned a verdict for Defendants. Specifically, the jury found that no excessive force was used and that no false arrest occurred; the jury did not reach the issue of qualified immunity or damages regarding either of Beall's claims. Subsequently, the Clerk of the Court entered this judgment against Beall on April 10, 2008.

## II.   ARGUMENTS AND AUTHORITIES

### A.   The Standard Under Federal Rule of Civil Procedure 59

Federal Rule of Civil Procedure 59 allows a litigant to oppose the verdict rendered in his case. *See* FEDERAL RULE OF CIVIL PROCEDURE 59 (West 2008). Rule 59 presents a mechanism for opposing the jury verdict in various different situations, such as the one presented here where the movant believes that the jury verdict went against the great weight of the evidence. *See Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667, 670 (5th Cir. 2002). In situations where the court agrees that the jury's decision did in fact go against the great weight of the

evidence presented at trial, the court may grant a new trial to the movant. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (finding that the district court has broad discretion in granting new trials). In fact, in situations where the court finds that the jury verdict went against the great weight of the evidence, the court should grant a new trial to prevent the miscarriage of justice. *Carr*, 312 F.3d at 670.

### B. The Jury Verdict is Against the Great Weight and Preponderance of the Evidence.

The court should grant a new trial because the verdict is against the great weight of the evidence. *Id.* Specifically, the evidence is insufficient to support the jury's answer to Question No. 1—whether or not Beall met his burden of proof to show that Pena and/or Beezley used excessive force on the night of April 4, 2004. The jury ultimately found that Beall did not meet his burden to show that excessive force was used that night. Contrary to the jury's findings, however, the jury should have found in Beall's favor based on testimony from both Plaintiff's witnesses and Defendants themselves.

As instructed by the Court during the reading of the jury charge, in order for Beall to prevail on his claim for excessive force, he was required to prove that: 1) he suffered some harm; 2) that resulted directly and only from the use of force that was clearly excessive to the need; and 3) the excessiveness of which was objectively unreasonable in light of the facts and circumstances at the time.

(Court's Charge to the Jury, Docket #71.) Beall presented ample and conclusive evidence of each essential element of his claim. Thus, the jury verdict clearly went against the great weight of the evidence and should be disregarded in favor of a new trial.

1. <u>It is undisputed that Beall suffered harm.</u>

First and foremost, it is undisputed that Beall was harmed on the night of April 4, 2004. Beall tendered and the Court accepted into evidence numerous photographs depicting the harm Beall suffered at the hands of Pena and Beezley. Moreover, Beall tendered and the Court accepted into evidence records from Methodist Hospital, the facility where Beall was taken, noting the harm that he suffered. As such, Beall conclusively proved the first element of his excessive force claim against Pena and Beezley.

2. <u>Credible evidence presented proved that the harm Beall suffered resulted directly and only from the use of force that was clearly excessive to the need.</u>

Second, the great weight of the evidence also conclusively shows that the majority of the harm Beall suffered resulted directly and only from the use of force that was clearly excessive to the need at the time. In fact, eye-witness testimony not only proved this point but Defendants' counsel was never able to positively and credibly refute this eye-witness testimony. Specifically, at least four eye witnesses to the beating on April 4, 2004 testified that Beall was restrained in handcuffs

some time after Defendants commenced the beating and arrest of Beall. The testimony of all four eye-witnesses went on to corroborate that Defendants continued to beat Beall with their fists, batons, mace cans, and other weapons *even after Beall was successfully secured in handcuffs*. Such testimony amounts to conclusive evidence that at least some, if not the majority, of Beall's injuries resulted from force which was clearly excessive to the need at the time of the beating.

Furthermore, although Defendants attempted to offer testimony to refute or cast doubt on Beall's eye-witness testimony, no jury could have reasonably found that Defendants' evidence in the form of testimony was more credible than Beall's. As noted, Beall presented the jury with four eye witnesses to the beating. Each of Beall's witnesses presented evidence that Beall did not resist arrest and continued to be beaten well after he was secured in handcuffs. This testimony came not only from Beall's mother, a former school superintendent, but also from three other disinterested parties: Ryan Akers, who was not a friend of Beall's, and Stephanie Allen and Kym Morris, neither of whom even knew Beall prior to the April 4, 2004 beating. Testimony from such disinterested witnesses, each of whom corroborated one another with regard to the facts, presented virtually no reliability concerns with which the jury could have found issue.

The testimony presented by Defendants, on the other hand, had countless reliability issues with which the jury should have rightfully found issue. On several occasions, Defendants were discovered to have lied on reports furnished regarding the April 4, 2004 beating. On still more occasions, both Defendants' testimony was markedly different than the testimony they had given previously in a related criminal proceeding which completely belied each officer's claim of credibility and cast doubt on their respective motives. Finally, and perhaps most egregious, was Beezley's attempt to convince the jury that at one point during the beating Beall actually flipped his arms from his back around, above, and over his head *while handcuffed*. In fact, Beezley admitted that this was such an inconceivable feat that he had only seen it happen on two occasions—conveniently during the April 4, 2004 beating and "at the circus." Such testimony not only insulted the jury but proved that Defendants' testamentary evidence was simply not credible.

As such, the jury should have placed greater credibility on the witness testimony presented by Beall than that presented by Defendants. If such was the case, the only reasonable conclusion in line with the great weight of the evidence that the jury could have come to is that the force used was clearly excessive to the need, resulting ultimately in Beall's injuries.

    3.    <u>The excessiveness of the force Defendants' used was objectively unreasonable in light of the facts and circumstances at the time.</u>

Finally, Beall was able to meet the third prong of his burden under the Court's Charge to the Jury, that the excessiveness of the force used by Defendants was objectively unreasonable in light of the facts and circumstances at the time. In fact, Beall was able to prove this through Defendants' testimony. Both Pena and Beezley unequivocally testified that they were well trained by the Dallas Police Department and went into great detail proving that they were aware of different types of force (including excessive force), how to apply various levels of force, and the particular situations in which various levels of force are appropriate. In addition, both Pena and Beezley unequivocally testified that they were trained in understanding and recognizing individual civil rights, specifically including an individual such as Beall's right to be free from the use of excessive force against him.

It is simply objectively *unreasonable* for Defendants to have thought that they could use the type of force used against Beall—force so severe that he was rushed to the hospital with multiple injuries—when he was safely secured in handcuffs, under control, and not resisting arrest. The unreasonableness of the force coupled with Defendants admitted knowledge of Beall's civil rights makes it clear that Beall satisfied the third required element of his excessive force claim.

Even with such extensive training and knowledge of individual civil rights, and even with the facts as presented to the jury, Defendants maintained throughout Beall's trial that they were entitled to use force, including savage beating with fists, batons, mace cans, and other weapons *even after Beall was safely secured in handcuffs*. Not only did Defendants maintain this farce—the jury held in Defendants favor. Such holding went squarely against the great weight of the evidence presented by Beall.

### C. The Jury's Error Was Not Harmless Error.

The jury's error in finding against Beall and disregarding the great weight of the evidence was not harmless for at least two reasons. First, had the jury heeded the evidence presented at trial, the jury would have been compelled to answer in Beall's favor that excessive force was used based on the admissions made by Pena and Beezley, discussed above. Second, the undisputed evidence of Pena and Beezley's training shows conclusively that these officers knew of Beall's constitutionally protected rights and further that they were violating his constitutional rights. As such, the jury would have—and should have—found Pena and Beezley liable for the use of excessive force against Beall on April 4, 2004.

### III. PRAYER

WHEREFORE, Plaintiff Richard Beall respectfully requests that this Court grant his motion for a new trial and grant him such further relief to which he may be justly entitled.

                                Respectfully submitted,

By: */s/ Michelle D. Chenault*
Cynthia Hollingsworth
State Bar No. 09879500
Shelby D. Angel
State Bar No. 24040440
Michelle D. Chenault
State Bar No. 24042650
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
chollingsworth@gardere.com
sangel@gardere.com

**ATTORNEYS FOR PLAINTIFF RICHARD BEALL**

## CERTIFICATE OF SERVICE

This is to certify that on April 24, 2008, a true and correct copy of the foregoing document has been electronically filed with the clerk of the court using the ECF system, and was served on the following counsel of record by Notice of Electronic Filing.

Jason G. Schuette
Tatia R. Wilson
1500 Marilla Street, 7BN
Dallas, Texas 75201

/s/ *Michelle D. Chenault*
Michelle D. Chenault